IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LEON PALMER GRANT
*Petitioner*,

v.

UNITED STATES OF AMERICA
*Respondent*.

Criminal Action No. ELH-11-358
Civil Action No. ELH-14-1846

**MEMORANDUM**

This Memorandum resolves the "Motion to Correct Sentence under 28 U.S.C. § 2255," filed by Leon Palmer Grant. ECF 423 ("Petition"). In the Petition, Grant complains that he was improperly designated as a career offender, because his prior Maryland conviction for second-degree assault is not a qualifying predicate offense under *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276 (2013) and *United States v. Royal*, 731 F.3d 333 (4th Cir. 2013), *cert. denied*, ___ U.S. ___, 134 S. Ct. 1777 (2014).[1] The government opposes the Petition. ECF 512. Grant did not reply, and the time for him to do so has expired. *See* Local Rule 105.2.

As discussed, *infra*, no hearing is necessary to resolve the Petition. For the reasons that follow, I shall dismiss the Petition as untimely filed.

I.  **Factual and Procedural Background**

Grant and eight others were charged in a Superseding Indictment (ECF 44) with various drug trafficking charges. On June 25, 2012, Grant entered a plea of guilty to conspiracy to distribute and possess with intent to distribute a quantity of heroin and a quantity of cocaine, in violation of 21 U.S.C. § 846. ECF 201. The offense to which Grant pleaded guilty was a lesser

---

[1] The Petition was filed by the Office of the Federal Public Defender ("FPD"). However, the FPD subsequently withdrew its representation of Grant. *See* ECF 472; ECF 483.

included offense of Count One of the Superseding Indictment. *See* ECF 206 (Plea Agreement) at 1. Notably, Grant's plea was entered pursuant to Fed. R. Crim. P. 11(c)(1)(C), in which the parties agreed to a sentence of imprisonment of 66 months as the appropriate disposition. *See* ECF 206, ¶¶ 5, 9. In the Plea Agreement, Grant stipulated that he qualified as a career offender under U.S.S.G. § 4B1.1(a). *See* ECF 206, ¶ 7.

Sentencing was held on August 9, 2012. ECF 225. At sentencing, after a discussion of Grants' prior convictions, the Court determined that Grant qualified as a career offender under U.S.S.G. § 4B1.1. *See* ECF 434 (sentencing transcript) at 3-11. The Presentence Report ("PSR") reflects that Grant had a final offense level of 29, and a criminal history category of VI, based on his career offender designation. *See* PSR, ¶ 45.[2] Without the career offender designation, Grant's final offense level would have been 21, and his criminal history category would have been V. *See id.* ¶¶ 19, 37.

In accordance with the terms of the "C plea," Grant was sentenced to a term of imprisonment of 66 months, followed by three years of supervised release. *See* ECF 228 (Judgment). That sentence was well below both the advisory sentencing guidelines range applicable to a career offender (*i.e.*, 151 to 188 months), and also below the advisory sentencing guidelines range if Grant were not a career offender (*i.e.*, 70 to 87 months). *See* PSR; ECF 512 at 2. Grant did not appeal to the Fourth Circuit.

On June 9, 2014, the Office of the Federal Public Defender ("FPD") filed the Petition on behalf of Grant. ECF 423. In relevant part, the Petition states, *id.* at 1:

> One of the two requisite prior convictions that subjected [Mr. Grant] to a career offender sentence was his Maryland second degree assault conviction. However, in light of the Supreme Court's recent decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013), and the Fourth Circuit's subsequent decision in *United States*

---

[2] The PSR was not docketed. However, I have retained a copy in my file.

*v. Royal*, 731 F.3d 333, 340-42 (4th Cir. 2013), Mr. Grant is no longer a career offender.

Also on June 9, 2014, the FPD filed a "Motion for Appointment of Counsel in 28 U.S.C. § 2255 Proceeding" (ECF 424), which I granted by Order of June 12, 2014. ECF 425. Then, on June 13, 2014, I directed the government to respond to the Petition within sixty days. ECF 426.

The government failed to respond to the Petition within the time directed in the Order of June 13, 2014. Therefore, by Order of August 26, 2014, I directed the government either to respond to the Petition by September 8, 2014, or file a motion to extend the time to respond. ECF 435. The same day, the government moved to extend the response deadline until "60 days after the Court of Appeals for the Fourth Circuit issues a decision upon rehearing *en banc* in *United States v. Whiteside*, No. 13-7152." ECF 436. The government explained that the Fourth Circuit's decision in *Whiteside* could affect Grant's Petition. *Id.* I granted ECF 436 by Order of August 26, 2014. ECF 437.

On January 16, 2015, Chief Judge Blake issued Standing Order 2015-01, MC-00-308, noting that many § 2255 motions had been filed in this Court, challenging career offender designations under *Descamps v. United States*, ___ U.S. ___, 133 S.Ct. 2276 (2013). In particular, Chief Judge Blake noted that these petitioners have argued that one or more prior offenses of conviction no longer qualify as predicate offenses under *Descamps*. *Id.* at 1. Accordingly, she suspended the briefing in these cases pending the Fourth Circuit's decision in *United States v. Foote*, No. 13-7841. She also appended to the Standing Order a list of petitioners to whom the Standing Order applied. *See* ECF 59-1 in MC-00-308. Grant was included on that list. *Id.* Accordingly, no action was taken on Grant's Petition at that time.

*Foote* was decided on April 27, 2015. *United States v. Foote*, 784 F.3d 931 (4th Cir. 2015), *cert. denied*, ___ U.S. ___, 135 S. Ct. 2850 (2015). Soon after, on May 22, 2015, Mr.

Grant was released from incarceration and entered supervised release. About a month later, the Supreme Court decided *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015).

On November 12, 2015, Chief Judge Blake issued Standing Order 2015-06, titled *In re: 28 U.S.C. §§ 2255 and 2241 Motions for Career Offender Sentencing Reductions and Vacatur of 18 U.S.C. § 942(c) Conviction*, MC-00-308. Standing Order 2015-06 provided, in part, *id.* at 1: "[T]he briefing schedule in all pending and anticipated cases involving *Johnson* challenges to career offender sentences on collateral review is suspended. *The career offender cases will be held in abeyance pending the United States Court of Appeals for the Fourth Circuit's decision in In Re: Hubbard, No. 15-276*." (Emphasis added). *Hubbard* was decided on June 8, 2016. *See In re Hubbard*, 825 F.3d 225 (4th Cir. 2016).

On March 10, 2016, the FPD filed a second "Motion for Appointment of Counsel," applicable to this case. ECF 465 ("Motion for Appointment"). The Motion for Appointment identified Grant as a defendant who "may be eligible for relief under 28 U.S.C. § 2255 in light of *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015)." *Id.* However, the Motion for Appointment made no reference to the FPD's earlier entry of appearance in this case.

By Order of March 7, 2016, titled *In Re: Motions for Relief Under 28 U.S.C. § 2255 Pursuant to Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (2015)*, MC-16-143, Chief Judge Blake granted the Motion for Appointment. ECF 465. *See also* ECF 2 in MC-16-143. But, the FPD never filed a petition on behalf of Grant under § 2255 predicated on *Johnson*. *See* docket.

On March 17, 2016, the Court received a report from Grant's federal probation officer, advising that Grant had been arrested on March 8, 2016, in Salisbury, Maryland, and that he was charged in Wicomico County with, *inter alia,* "CDS: Possession with Intent: Narcotics"; "CDS:

Possession Marijuana, Marijuana Paraphernalia Possession/ Distribution"; and "CDS: Possession Paraphernalia." ECF 466 ("Report"). The Report stated that Grant would be referred for alcohol and drug assessment and testing, but requested no further action. *Id.* I approved the Report by Order of March 17, 2016. *Id.*

Then, on June 8, 2016, the Clerk docketed the FPD's "Motion for Withdrawal of Counsel" (the "Motion to Withdraw"). ECF 472. The Motion to Withdraw referenced the FPD's Motion for Appointment pursuant to *Johnson* (ECF 465), but did not mention the earlier Petition filed by the FPD pursuant to *Descamps* and *Royal* (ECF 423). By Order of June 8, 2016 (ECF 472), Chief Judge Blake granted the Motion to Withdraw.

Thereafter, in an Order of July 7, 2016 (ECF 482), I asked Mr. Grant "to advise the Court, in writing, as to whether or not he wishes to pursue the Petition docketed at ECF 423 . . . ." ECF 482 at 3. Additionally, I asked the FPD to advise the Court "as to whether it intends to represent Mr. Grant in regard to the initial Petition that it filed on Mr. Grant's behalf, and as to which it sought appointment." *Id.* I also directed the government to file a status report regarding its response to the Petition. *Id.* And, I directed the government to respond to the Petition by September 7, 2016, "unless Mr. Grant expressly advises the Court that he does not wish to pursue his Petition . . . ." *Id.*

On July 11, 2016, the FPD advised that "the Office of the Federal Public Defender for the District of Maryland does not intend to continue its representation" of Mr. Grant. ECF 483. It also sought to withdraw from the case. *Id.* I granted the motion to withdraw by Order of July 11, 2016. ECF 484. On August 10, 2016, the Clerk docketed a letter from Mr. Grant stating: "I'm writing to inform you that I would like to pursue my petition (ECF 423)." ECF 493.

The government did not respond to the Petition, as directed in ECF 482. *See* docket. Therefore, by Order of September 13, 2016, I directed the government to respond to the Petition by September 30, 2016. ECF 495. Again, the government failed to respond within the time provided by ECF 495. *See* docket. Accordingly, by Order of October 11, 2016 (ECF 501), I required the government to respond to the Petition by October 28, 2016, and to show cause for its failures to comply with ECF 482 and ECF 495. *Id.*

The government responded on October 19, 2016. ECF 502. It claimed that, "due to the procedural posture of this case, a substantive response to Grant's petition . . . is not required." *Id.* at 2. The government explained, *id.*: "After Petitioner was released from federal incarceration and placed on Supervised Release, he no longer had a cognizable claim for relief. 28 U.S.C. § 2255 requires that a Petitioner be in federal custody in order to seek federal habeas relief." Further, the government stated, *id.*: "Upon completion of a federal sentence, 'the defendant no longer remains 'in custody' within the meaning of § 2255, even if he is later incarcerated for another offense . . . .'" (Quoting *United States v. Williams*, 630 F. Supp. 2d 28, 30 (D.D.C. 2009)).[3]

However, by Order of November 21, 2016 (ECF 506), I observed that it did not appear that Grant had completed his sentence for purposes of § 2255, given that he was on supervised release. *Id.* at 2 (citing *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999)). I also observed that if Grant is convicted in the Circuit Court for Wicomico County (*see* ECF 466), this Court could find that he violated the terms of his supervised release, implicating the original sentence. *Id.* Therefore, by December 9, 2016, I directed the government to address the issue of

---

[3] The prosecutor also apologized for the failure to respond, explaining that he was unaware that the stay had been lifted as to Mr. Grant. ECF 502 at 1.

mootness. *Id.* I also provided that the government should respond to the merits of the Petition by December 23, 2016. *Id.*

On December 9, 2016, the government informed the Court that the "government agrees that notwithstanding its earlier argument to the contrary, Grant's petition under 28 U.S.C. § 2255, ECF 423, is not moot." ECF 508. The government then responded in opposition to the Petition on December 23, 2016. ECF 512. It argues, *inter alia*, that the Petition is barred by the limitations of § 2255(f). ECF 512. According to the government, Grant was not sentenced pursuant to the career offender guidelines. Rather, he was sentenced pursuant to the "C plea." *See Freeman v. United States*, 564 U.S. 522 (2011).

## II. Discussion

### A.

Section 2255(a) of Title 28 of the United States Code, under which Grant filed his Petition, provides relief to a prisoner in federal custody only on specific grounds: that the sentence was imposed in violation of the Constitution or laws of the United States; that the court was without jurisdiction to impose such a sentence; that the sentence was in excess of the maximum authorized by law; or that the sentence is otherwise subject to collateral attack.

Under 28 U.S.C. § 2255(b), the court must hold a hearing "[u]nless the motion and the files and records conclusively show that the prisoner is entitled to no relief. . . ." *See*, *e.g.*, *United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004). Courts have determined that a hearing is not necessary where "the motion . . . fail[s] to allege sufficient facts or circumstances upon which the elements of constitutionally deficient performance might properly be found [or] where the defendant has failed to present any affidavits or other evidentiary support for the naked assertions contained in his motion." *United States v. Taylor*, 139 F.3d 924, 933 (D.C. Cir. 1998)

(internal quotation marks and citation omitted); *accord United States v. McGill*, 11 F.3d 223, 225-26 (1st Cir. 1993). On the other hand, a hearing is generally "required when a movant presents a colorable Sixth Amendment claim showing disputed material facts and a credibility determination is necessary to resolve this issue." *United States v. Robertson*, 219 Fed. App'x 286, 286 (4th Cir. 2007); *see also United States v. Ray*, 547 Fed. App'x 343, 345 (4th Cir. 2013).

In reviewing the Petition, the Court is mindful that a self-represented litigant is generally "held to a 'less stringent standard' than is a lawyer, and the Court must liberally construe his claims, no matter how 'inartfully' pled." *Morrison v. United States*, RDB-12-3607, 2014 WL 979201, at *2 (D. Md. Mar. 12, 2014) (internal citations omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that claims of self-represented litigants are held "to less stringent standards than formal pleadings drafted by lawyers"); *Bala v. Commonwealth of Virginia Dep't of Conservation & Recreation*, 532 F. App'x 332, 334 (4th Cir. 2013) (same). Nevertheless, in my view, no hearing is necessary to resolve claims in the Petition.

In my view, no hearing is necessary to resolve Grant's claims.

**B.**

In the Petition, Grant argues that he is entitled to a resentencing because he was erroneously sentenced "as a career offender under U.S.S.G. § 4B1.1," in that "[o]ne of the two requisite prior convictions that subjected [Mr. Grant] to a career offender sentence was his Maryland second degree assault conviction." ECF 423 at 1. According to Grant, in light of the Supreme Court's decision in *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276 (2013), and the Fourth Circuit's subsequent decision in *United States v. Royal*, 731 F.3d 333, 340-42 (4th Cir. 2013), *cert. denied*, ___ U.S. ___, 134 S.Ct. 1777 (2014), he no longer qualifies as a

career offender, because his second degree assault conviction under Maryland law categorically is not a "crime of violence." ECF 423 at 1.[4]

Notably, "a mistaken career offender designation is not cognizable on collateral review." *United States v. Newbold*, 791 F.3d 455, 459 (4th Cir. 2015) (citing *Foote*, 784 F.3d at 932-33). In contrast, a defendant may challenge on collateral review an alleged erroneous determination of armed career criminal status, because he would have "'received a punishment that the law cannot impose upon him.'" *Newbold*, 791 F.3d at 460 (citation omitted).

In any event, the Petition was untimely filed, as explained below.

In *Descamps*, the Supreme Court reiterated that the modified categorical approach set forth in *Taylor v. United States*, 495 U.S. 575 (1990) and *Shepard v. United States*, 544 U.S. 13 (2005) does not apply to a state statute with a "single, indivisible set of elements." *Descamps*, 133 S. Ct. at 2282. It stated that sentencing courts "may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements." *Id.*; *see, also e.g.*, *Moncrieffe v. Holder*, ___ U.S. ___, 133 S. Ct. 1678, 1684 (2013); *Begay v. United States*, 553 U.S. 137, 141 (2008); *James v. United States*, 550 U.S. 192, 202 (2008).

Thereafter, in *Royal*, 731 F.3d 333, the Fourth Circuit concluded that Maryland's crime of second-degree assault, Md. Code (2012 Repl. Vol., 2016 Supp.), §3-203 of the Criminal Law Article, is not divisible and therefore is categorically not a crime of violence. *Id.* at 341. The *Royal* Court determined that the district court erred in using the modified categorical approach to

---

[4] As indicated, the FPD had identified Grant as a person potentially eligible for relief under *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015). ECF 465. However, the FPD never filed a supplemental § 2255 motion raising a *Johnson* claim. Rather, it sought to withdraw from representation. Thus, I agree with the government that the Petition does not raise a *Johnson* issue. *See* ECF 512 at 2 n.2.

determine that the defendant's prior second degree assault conviction constituted a violent felony under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). *Id.*

Here, judgment was entered on August 10, 2012 (ECF 228) and Grant did not note a direct appeal. Therefore, his judgment became final on August 24, 2012, when the time for filing an appeal expired. *See* Fed. R. App. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the . . . the entry of either the judgment or the order being appealed . . . ."); *see also* Fed. R. Crim. P. 45(a); *Clay v. United States*, 537 U.S. 522, 524–25 (2003).

A petition under 28 U.S.C. § 2255 is subject to a one-year statute of limitations. *See* 28 U.S.C. § 2255(f). Under § 2255(f), the limitations period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Notably, *Descamps* was decided on June 20, 2013. *Royal* was decided on October 1, 2013. Grant's Petition was filed within one year of *Descamps*.

Grant argues that his Petition is timely under § 2255(f)(3) because he filed his Petition within one year of the Supreme Court's decision in *Descamps*, which in Grant's view established a newly recognized right that applies retroactively. ECF 423 at 15-28. The fallacy in Grant's argument concerns his claim that *Descamps* established a new right.

The government maintains that *Descamps* did not recognize a new right or rule. Rather, it claims that in *Descamps* the Supreme Court "merely applied an existing principle." ECF 512 at 5 (collecting cases). Therefore, according to the government, Grant's one-year deadline for the filing of a § 2255 petition expired on August 24, 2013. *Id.* at 4.

The Supreme Court stated in *Teague v. Lane*, 489 U.S. 288 (1989), that a "new rule" is one that "breaks new ground or imposes a new obligation on the States or the Federal Government." *Id.* at 301. In other words, "a case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Welch v. United States*, ___ U.S. ___, 136 S.Ct. 1257, 1264 (2016) (quoting *Teague*, 489 U.S. at 301) (alteration omitted and emphasis added).

Applying this definition, the Supreme Court did not establish a new rule in *Descamps*. Rather, it "simply [reaffirmed] the *Taylor/Shepard* approach, which some courts had misconstrued." *United States v. Davis*, 751 F.3d 769, 775 (6th Cir. 2014). Indeed, the Supreme Court itself recognized in *Descamps* that it was relying on existing precedent. *Descamps*, 133 S. Ct. at 2283 ("Our caselaw explaining the categorical approach and its 'modified' counterpart all but resolves this case."); *see also United States v. Morgan*, 845 F.3d 664, 668 (5th Cir. 2017) ("*Descamps* clearly relies on existing precedent. The Court explicitly says so and spends nearly the whole opinion explaining that viewpoint.).

Indeed, many courts have considered the question of whether the Supreme Court recognized a new right in *Descamps*. They have concluded that *Descamps* merely reiterated an existing principle. *See, e.g.*, *Morgan*, 845 F.3d at 667 ("We agree with our sister courts that *Descamps* did not establish a new rule."); *Mays v. United States*, 817 F.3d 728, 734 (11th Cir. 2016) ("*Descamps* did not announce a new rule—its holding merely clarified existing

precedent."); *Headbird v. United States*, 813 F.3d 1092, 1097 (8th Cir. 2016) ("We agree with other circuits that the decision in *Descamps* was dictated by the general principles set forth in existing precedent and did not establish a new rule."); *Ezell v. United States*, 778 F.3d 762, 766 (9th Cir.) ("*Descamps* clarified application of the modified categorical approach in light of existing precedent."), *cert. denied*, ___ U.S. ___, 136 S. Ct. 256 (2015); *King v. United States*, 610 Fed. App'x 825, 828 (11th Cir.) ("As for *Descamps,* it is not a new rule. It merely applied prior precedent . . . ."), *cert. denied*, 136 S. Ct. 349 (2015); *United States v. Hopson*, 589 Fed. App'x 417 (10th Cir. 2015) ("*Descamps* did not recognize a new right, but rather applied existing doctrine."); *Davis*, 751 F.3d at 775 ("The Supreme Court in *Descamps* explained that it was not announcing a new rule . . . ."); *United States v. Williams*, No. 3:05-CR-173, 2016 WL 7155748, at *4 (E.D. Va. Dec. 7, 2016) ("'[T]he decision in Descamps was dictated by the general principles set forth in existing precedent and did not establish a new rule.'") (quoting *Headbird*, 813 F.3d at 1097) (alteration in *Williams*); *Scott v. United States*, RDB-08-0034, 2016 WL 3162766, at *3 (D. Md. June 7, 2016) (recognizing that *Descamps* does not recognize a new right or apply retroactively on review); *United States v. Owens*, 3:05-CR-264-HEH, 2016 WL 1562917, at *2 (E.D. Va. Apr. 15, 2016) ("*Descamps* . . . is not a new right that triggers the belated commencement provision of 28 U.S.C. § 2255(f)(3)."), *reconsideration denied*, No. 3:05-CR-264-HEH, 2016 WL 5019163 (E.D. Va. Sept. 16, 2016).

Because *Descamps* relied on existing precedent and did not recognize a "new rule," Grant cannot rely on § 2255(f)(3). Accordingly, Grant's Petition was untimely filed and is thus barred under § 2255(f).[5]

---

[5] In light of this disposition, I need not address the government's other contentions, including that a challenge to the career offender designation is not cognizable under § 2255. *See,*

### III. Certificate of Appealability

Unless a certificate of appealabilty ("COA") is issued, a petitioner may not appeal the court's decision in a § 2255 proceeding. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).[6] A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274. 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because petitioner has not made a substantial showing of the denial of his constitutional rights, this court will not issue a COA.

### III. Conclusion

In view of the foregoing, I shall dismiss Grant's Petition as untimely filed under 28 U.S.C. § 2255(f).

An Order follows, consistent with this Memorandum.

Date:  May 11, 2017                         /s/
                                            Ellen L. Hollander
                                            United States District Judge

---

*e.g.*, *United States v. Foote*, 784 F.3d 931, 932 (4th Cir.), *cert. denied*, 135 S. Ct. 2850 (2015); *United States v. Powell*, 691 F.3d 554, 563 (4th Cir. 2012).

[6] The denial of a COA does not preclude a petitioner from seeking permission from the appellate court for a COA.